UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER B. HARDY,

    Plaintiff,                                          Case No. 18-10743

vs.                                                   HON. MARK A. GOLDSMITH

ACTING COMMISSIONER
NANCY A. BERRYHILL,

    Defendant.
_____/

**OPINION & ORDER**
**GRANTING IN PART PETITION FOR ATTORNEY FEES (Dkt. 22)**

This matter is before the Court on attorney Meredith E. Marcus's petition for an award of attorney fees under 42 U.S.C. § 406(b) (Dkt. 24). Attorney Marcus is the lead attorney for Plaintiff in this matter. On October 25, 2018, the underlying case was remanded under sentence four by stipulation of the parties (Dkt. 19). A judgment was entered on that same day (Dkt. 20). On remand, Plaintiff received a favorable decision awarding $147,911.48 in total past-due benefits. Marcus filed the present petition seeking $36,977.87 in attorney fees under 42 U.S.C. § 406(b). Defendant filed a response arguing that such an award would constitute a windfall for Marcus. Resp. at 2 (Dkt. 23). In the reply brief, Marcus revised the requested fee award to $26,977.87. For the reasons discussed below, the motion is granted in part.

                                **I.     APPLICABLE LAW**

There are two statutes under which a plaintiff may recover attorney fees in a Social Security disability case. First, under the Equal Access to Justice Act ("EAJA"), a plaintiff may recover attorney fees paid by the Government. See 28 U.S.C. § 2412. Second, as part of the

judgment in plaintiff's favor, a court may award a reasonable fee for an attorney's representation paid out of a plaintiff's past-due benefits. See 42 U.S.C. § 406(b). The fee awarded under § 406(b) may not exceed 25% of the total past-due benefits. 42 U.S.C. § 406(b)(1)(A); Lasley v. Comm'r of Soc. Sec., 771 F.3d 308, 309 (6th Cir. 2014). If fees are awarded under both the EAJA and § 406(b), counsel must refund the smaller amount to the plaintiff. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

## II. DISCUSSION

Fees under 42 U.S.C. § 406(b), unlike those under the EAJA, are paid from the claimant's past due benefits. Section 406(b) attorney fees are awarded to a claimant who succeeds on their Social Security appeal, not to exceed 25% of the total past-due benefits to which the claimant is entitled:

> (b) Fees for representation before court
>
> (1) (A) Whenever a court renders a judgment favorable to a claimant under [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Supreme Court has explained that contingent-fee agreements are the most common fee arrangement in Social Security cases, and that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. at 807 (footnote omitted).

The Sixth Circuit has explained that a court should use the 25% cap as a benchmark for evaluating the reasonableness of attorney fees, although a 25% attorney fee award is not per se reasonable.  Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989) (en banc).  Courts must look to the executed fee agreement and give deference to the expression of the parties' intentions.  Id. There is a "rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort."  Hayes v. Sec'y of Health & Hum. Servs., 923 F.2d 418, 419 (6th Cir. 1990) (citing Rodriquez, 865 F.2d at 746); see also Gisbrecht, 535 U.S. at 792 (noting contingent-fee agreements are presumptively reasonable).

There are no indications of improper conduct or substandard performance by Marcus.  Indeed, Defendant acknowledges that Marcus achieved an excellent result, especially in light of the lifetime benefits Plaintiff is likely to receive.  Resp. at 7.  Defendant's concern centers on the potential for an undeserved windfall to Marcus due to the size of Plaintiff's award of past-due benefits.  Defendant notes that if Marcus receives the full 25% of the withheld funds, the effective hourly rate would be $1,196.69, which Defendant argues is excessive.  Resp. at 3.  Defendant argues that a reasonable fee award in this matter would be no more than $20,987.28, which would be an effective hourly rate of $679.20.  Resp. at 3-8.  Defendant arrived at this figure by doubling the reasonable hourly rate in the relevant market and adding 20% for the excellent results achieved and the level of representation in this appeal.  Id. at 5-7 (citing Staple v. Comm'r of Soc. Sec., No. 16-CV-12648, 2019 WL 4891476, at *3-5 (E.D. Mich. Sept. 9, 2019)).  In the reply brief, Marcus revised the attorney fee request to $26,977.87, Reply at 1, which would yield an effective hourly rate of  $873.

There is no set formula to evaluate whether an attorney would enjoy an undeserved windfall. The Sixth Circuit has suggested some considerations to guide the analysis of whether a fee is reasonable:

> [A]rguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would enjoy a windfall because of minimal effort expended.

Hayes, 923 F.2d at 422 (quotations and citations omitted). Although the Sixth Circuit has not set forth a strict formula of what constitutes a windfall, it has provided a rule for what is not a windfall:

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

Id.

On remand, the ALJ awarded Plaintiff $147,911.48 in past-due Social Security benefits, of which $36,977.87 (25% of the total award) was withheld pending Marcus's request for attorney fees. See Notice of Award, Ex. A to Pet. (Dkt. 22-1). Marcus and her colleagues spent 30.9 hours of work on this matter. Pet. at 14-15. Marcus's efforts constituted the majority of those hours at 22.65. The remaining hours were split between legal support staff and other attorneys. The legal issues in this appeal were not particularly complex. Nonetheless, Marcus's motion for summary judgement is a cut above the standard motion filed in this Court. It is both well written and well supported by appropriate legal authority. Indeed, her brief persuaded

Defendant to stipulate to remand this matter, thereby saving Defendant from filing a response brief and this Court from ruling on the matter.

The fee award should be greater than Defendant recommends, due to the excellent representation and results in this matter, but it should be less than Marcus seeks, because the issues were not particularly complex. The Court finds that an award of $23,175 is reasonable, which equates to an effective hourly rate of $750.[1] This fee will not result in an undeserved windfall, nor will the fee "unduly erode" Plaintiff's past-due benefit award. Royzer v. Sec'y of Health & Hum. Servs., 900 F.2d 981, 982 (6th Cir. 1990).

### III. CONCLUSION

Marcus's petition for attorney fees (Dkt. 22) is granted in part. The Commissioner of Social Security is directed to pay Plaintiff's attorney $23,175 out of the $36,468.50 withheld and release the remaining funds to Plaintiff. Plaintiff's attorney must refund the $5,282.77 EAJA award to Plaintiff.

SO ORDERED.

Dated: July 22, 2020　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] The Court notes that this rate is not more than twice the standard rate in the Michigan market for any attorney with Marcus's experience. See Hayes, 923 F.2d at 422 ("[A] windfall can never occur when . . . the hypothetical hourly rate . . . is less than twice the standard rate for such work in the relevant market."). The State Bar of Michigan's 2017 Desktop Reference on the Economics of Law Practice in Michigan reports that private practitioners with six to ten years of experience, such as Marcus, have hourly billing rates ranging from $225 (median) to $380 (95th Percentile). See https://www.michbar.org/opinions/content (last visited on July 21, 2020). Additionally, the Michigan Desktop Reference reports that public benefits attorneys receive effective hourly billing rates ranging from $308 (median) to $880 (95th Percentile). Given Marcus's experience and the quality and effectiveness of her representation, the effective hourly rate in this case of $750 is reasonably set at the upper end of these ranges.